Case number 319-0541, Karen Dilenbeck as sole trustee of the Duane and Beverly Dilenbeck Living Trust Appellant v. Deanna Dilenbeck and Nancy Dilenbeck-DeBecker Appellees. Karen Dilenbeck-DeBecker Appellate Case number 319-0541. Karen Dilenbeck-DeBecker Appellate Case number 319-0541. Yes. Good afternoon, Justices. May it please the Court. My name is Attorney Kathryn Barless-Teal, and I am with the law firm Pepping, Bach, Kincaid & Olson out of Silvis, Illinois. We are the attorneys that represent Karen Dilenbeck in her capacity as sole trustee of the Duane W. & Beverly A. Dilenbeck Trust, executed on February 3, 1994, in all subparts and amendments thereto. This case arises as a result of issues that have occurred... Counsel, Counsel, I'm sorry. Let me interrupt you for a second, okay? One thing is, we've all read the briefs, and years ago, I used to be a real lawyer, and I used to argue cases in the appellate court. And if a judge had a problem with my case, I'd like to know about it, so I could straighten that judge out. So, what I may ask you to do is, first deal, where do we find jurisdiction on this case? In regards to jurisdiction, we believe that under Illinois Supreme Court Rule 301, all final judgments are appealable in civil cases as a matter of right. We believe that this is a final judgment because it disposed of a separate, indefinite portion of the controversy. All right, well, let me just say, if I agree with that, you had a dismissal, right? And then you filed a motion to reconsider, which was denied. And then, instead of asking for Lee to file an amended complaint or filing a notice of appeal about three or four months later, you just filed a new complaint under the same case number without Lee the court. So, why didn't the trial court lose jurisdiction 30 days after the denial of your motion to reconsider? The trial court dismissed, originally, the first complaint without prejudice. Therefore, we weren't required to file a motion to amend our complaint in that regard. Have you got any law to support that notion? Well, there is a law that would suggest that those kinds of motions to amend are just superficial in nature, let's just say. And they're not required in order for us to... Well, you just said yourself that this was a final order and you lost. And then you, in a timely fashion, moved to reconsider that denial or that dismissal. And that motion to reconsider was denied. And under the law, you have 30 days to fish or cut bait, file a notice of appeal, file something in the trial court. You can't file another motion to reconsider, but I suppose you could conceivably file a motion for Lee to amend your complaint or something. But after 30 days, doesn't the trial court lose jurisdiction? And if the trial court's got no jurisdiction, neither do we. Well, in response to that, Justice, I would say that we're not required to appeal the first dismissal, just like we're not required to appeal any decision of any court. Certainly, if we were going to follow through with that option, we would have had 30 days to appeal, but it was dismissed without prejudice. And we did make efforts to modify our pleadings in order to potentially satisfy or correct what we hoped were technical defects in our pleadings, because the dismissal was pursuant to 735 ILCS 2516. So that should have been based on technical defects rather than substantive related issues. In regards to filing a motion to amend, courts have found, and I have Enray Estate of Zander 242, Illinois Appellate 3rd 774. It's a 4th District 1993 case that says that amendments to complaints, there are no strict compliances associated with those kinds of motions. So we're not required to file for leave to amend. Certainly, the without prejudice portion of the decision would lend itself to our opportunity to go ahead and file a modified complaint. There was no objection to the filing of that complaint at the trial court level. And we believe also that to raise this issue on appeal would be inappropriate for the first time. All right. Okay. Thank you. So there are two issues presented in this appeal. The first issue is whether the trial court erred by dismissing the trustee's complaint for declaratory judgment. That was filed on March 16th, 2018. The second issue is, of course, whether or not this court has jurisdiction to proceed with this appeal. I will attempt to address both of these issues in my initial argument. As to issue number one, it's the appellant's position that the trial court did, in fact, err by dismissing the appellant's complaint for declaratory judgment. The motion that was filed by the appellees was a 2615 motion. Once again, that's based on defects in the pleadings. We believe that the trial court erred for four reasons. The first reason is there weren't any defects in our pleadings. Did you plead that you had taken this matter to a co-trustee before filing your suit? No, we did not. We did not believe that that was necessary under the clear language of the trust. Well, the trial judge disagreed with you, right? Yes, sir. Okay. All right. Go ahead. I'm sorry. We believe that the trial court erred because there were no defects in the pleadings warranting such a dismissal. Generally, at that stage of the proceedings, Illinois courts have not required plaintiffs to try their cases. They only have to allege sufficient facts necessary to sustain a cause of action. And we believe that we did under our two count complaint. So the cause of action that we've alleged is pursuant to 735 ILCS 52701A, which is the complaint for declaratory judgment section. We have a plaintiff that has a legally viable, identifiable right, defendants with opposing views, and an actual controversy in relation to the valuation and distribution of the trust assets. We also are very adamant that the rules of construction support the appellant's interpretation of the trust provisions. The primary goal, of course, is to give effect to the wishes and desires of the testators. We think that the trust is clear and unambiguous, and there's no need for any extraneous or extrinsic evidence to be utilized to interpret the trust-related provisions. Well, since the trust is so clear, let me do this. The trial judge zeroed in on, no one may file or instigate a claim in a court of law without first submitting the claim to the special co-trustee for resolution together with detailed supporting information, yada, yada, yada. And so that appears to be a condition precedent to filing a suit in a circuit court. That's generally why people set up trust, is to avoid this kind of stuff, to stay out of courtroom, right? How did the, why did the, what was it about that language that the trial judge misconstrued? Well, in response, the trial court, this particular trust is about 111 pages and thousands of words. The role of the trustee and the duties and obligations of the trustee are set forth in primarily two articles. We have Article 14, and then we have Article 6, Sections 4E and F, primarily. So what the trial court did is they took, or he took, the judge took 20, 25 words out of context. He used those words without any reference to any other provision of the trust. And by relying on those particular words, what he did was he invalidated the provisions of Article 14 that give this appellant trustee broad authority that an absolute owner of property would have in order to, you know, assess and value and distribute the trust assets, along with all the state law provisions under the code and anything else. She might need to administer this estate. There's also the provisions in Article 6 that direct her specifically to obtain an appraisal of the real estate and the stock that are the major issue or the major assets of the trust by a licensed appraiser of the trustees choosing. So by saying no, you first have to go to a special co-trustee and he's going to resolve all of those issues. You've invalidated those provisions of the trust because you've taken those pieces of authority away from the trustee. The appellees have been very disingenuous in their approach by claiming that by virtue of the fact that this trustee is also a beneficiary, that there's automatically a claim of self-dealing and conflict of interest that should be associated with any decisions that she might make. However, once again, getting back to the rules of construction, Mr. and Mrs. Dillenbach, of course, were clearly aware that they have appointed their daughter as trustee, that she was their daughter, and that she was also a beneficiary. And if they believed by virtue of that appointment that they created a conflict of interest, that Karen was unable to properly adhere to their wishes or properly value and disperse trust-related assets, they would have omitted those provisions in Article 6, paragraphs 4E and F. So in that regard, we feel that the trial court's ruling violates the rules of construction, in fact, invalidated several provisions that clearly the Dillenbachs wanted in their trust and was read in isolation. There's also been no proof that the financial resources of the trust are in any way at risk. And as to valuation, the special co-trustee is only to be involved in valuing if the valuation of an asset is not readily ascertainable. So that begs the question, so why are you filing? Why is the trustee filing suit? Normally we see these cases, somebody is complaining about the way the trustees handle the claim, and they file suits and the trustees. So why is the trustee filing suit? This trust has been being administered for over three years now, and the trustee simply wants to follow through and wrap up trust-related business the way her parents wanted things to be handled. And that's why she took the initiative. She could have sat back and let this go on for years. This trustee is running farms. She's doing outdoor work. She has made, you know, repairs to all kinds of things. This has been her life for almost four years now. She wants to wrap up trust-related business so that everybody has what her parents wanted them to have. And that's why she filed suit, because the appellees were not following through and respecting the authority that the parents gave her as trustee. She was named. I'm sorry, thank you very much. Do you want to finish your thoughts, Ms. Tillman? Oh, okay. Thank you, Your Honor. She was named as trustee and not the two sisters, and we believe she was named as trustee for a reason, and that's why she filed the suit. Thank you. Thank you, Ms. Tillman. And Mrs. Manline, is it? Manline, yes, Your Honor. May it please the court. My name is Melinda Manline. I'm from Hasselberg, Rockville, and Coupler. I'm the attorney on behalf of the appellees Nancy Dillenbeck-Dedecker and Denna Dillenbeck-Brophy. And I think Justice Schmidt really hit one of the main issues on the head here. The most important issue to address first is the jurisdiction of this court over this appeal. You know, Karen has directed the court to the substance of the order, claiming that the substance is what makes it final. Yet, if you look at the history of this case, as I'm sure you all have, so you're certainly welcome to interrupt me at any time. But the trial court, Karen literally made the same argument to the trial court four different times, and the trial judge made the same substantive ruling four different times before this appeal was filed. There was the initial complaint that was dismissed June 30, 2017, because she had not submitted the claim to the special co-trustee before bringing the action in court. On January 9, 2018, the trial court denied her motion to reconsider that dismissal because the trust requires that a claim be submitted to the special co-trustee before filing in court. She then filed her second complaint, March 16, 2018. That was dismissed on August 9, 2018, by the trial court without prejudice, and she filed another motion to reconsider. On August 13, 2019, the court denied that motion to reconsider and specifically said, quote, my reading of the trust is the same today as it has been in the past. I've made detailed rulings on that, so I'm not going to repeat everything. That's okay, but let me just interrupt you. After the denial of the first motion to reconsider, 30 days later, didn't the trial court lose jurisdiction when nothing else was filed? Yes, Your Honor, that would be correct if it was a final order substantively. Well, and your opposing counsel has said it is, and so then this second complaint, if it's filed in a trial court without jurisdiction over the subject matter, isn't it just a nullity? Yes, Your Honor, that is what our position is. I cited case law in our brief that it is a nullity. If the first dismissal order was final substantively, then it was a final judgment in the case. You cannot file an amended complaint, or Karen doesn't like to admit it's an amended. She says it's just another complaint, but you can't file another complaint after a final judgment in a case unless there's at least leave from court, which did not occur here. Now, she today again has stated that we didn't argue that at the trial court level, and therefore we've waived it, but as I'm sure that you're aware, having looked over the record, the dismissal was without prejudice. No one was treating it as a final order at that time, but the fact of the matter is, so there's no reason that we would have waived or raised that issue at that time, but the fact of the matter is that jurisdiction can be raised at any time. It is not something that can be waived. She did not bring up this issue that was a final and appealable order until now, so that's why we're addressing it now, and I think it's clear from the record that all four of the orders from the court, the trial court, were substantively the same, so they're either all substantively non-final, in which case this court does not have jurisdiction because Karen did not obtain a Rule 304A finding, and there's still a Rule 137 motion for sanctions pending. Or, if they're substantively final, as you've correctly pointed out, Justice Schmitt, there's no jurisdiction to hear it because she should have appealed within 30 days of that January 2018 order denying the first motion to reconsider, and so that is why our opinion is that there is no jurisdiction, respectfully, to hear this appeal. However, if there is jurisdiction and we get to the ruling of the trial court, in our opinion, again, the trial court did not make any error in interpreting the terms of the trust. Again, he said on four different occasions, the trial judge did, that no one may file or instigate a claim in a court of law without first submitting that claim to the special co-trustee. That's found in Article 3, Section 8H of the trust language. Now, today, Karen's counsel was saying, you know, that as long as they have alleged sufficient facts, they should have had their, the motion of submission not even granted, but facts can't be sufficiently alleged if they are contrary to the attached trust document, which is what happened in this case. Article 14, Section 1S of the trust is what gives the trustee authority to commence or defend litigation in court, but it specifically says that that authority is subject to the limitations of Article 3, Section 8, which is the special co-trustee provisions that the trial court kept citing back to again. The trial court correctly pointed out, as I believe Justice Schmidt did too, that there are no limitations to that. It says no one may file in court. It doesn't say no beneficiaries may file. No one may without presenting the issue to the special co-trustee. And once the special co-trustee gets the issue, it can ask for more information, resolve the issue, send it to mediation, binding arbitration, or authorize the parties to file in court. As I'm sure you're aware, trust language, just like statutory language, is not supposed to be viewed in a vacuum or interpreted in isolation. It's supposed to look at everything as a whole. And that's exactly what the trial court did in this case. His interpretation takes into account Article 14, Section 1S, Article 3, Section 8, as well as Article 15, Section 21, which is a no contest clause. That's what Karen really hangs her hat on is that she claims it's invalidated if we follow this rule that no one may file in court, but that's just simply not true. Section 8H specifically says, right after saying that a party can be granted authority by the special co-trustee to file in court, it says, quote, the granting of such authority by the special co-trustee shall in no way nullify the no contest provision. So it says that if the special co-trustee grants someone the power, the authority to file in court, they can still be disinherited. It doesn't mean that they can file to disinherit someone, as Karen did, without going to the special co-trustee. It means that everyone has to run their claim through the special co-trustee, get authority, get permission to file in court. However, getting the special co-trustee's permission to file in court doesn't protect anyone from being disinherited. And so that is a clear, I think the clear language of the trust, reading all three of those sections together as a whole. And that's how we get to protecting the wishes and interests of Mrs. and Mr. Dillenbeck, because it sort of seems like today the trustee is arguing that her authority is what's supposed to be protected. This is taking authority from her. The purpose of the trust isn't to protect the power and authority of the trustee. It's to maintain and protect the wishes of Mr. and Mrs. Dillenbeck. And Mr. and Mrs. Dillenbeck very clearly said, no one may file in court without first submitting it to a special co-trustee. That's all Karen had to do. And then she could bring her claim to court. But as you can see, four different times, she refused to do that. And so these are the reasons, your honors, that we are asking that either you find that there is no jurisdiction to hear this appeal, or alternatively, you deny the appeal and affirm the trial court's ruling. There's any questions from the court? I don't know. I don't believe so. Thank you, Ms. Manley. Ms. Dillenbeck, any rebuttal? Yes, thank you, Justice Litton. In response to the police claim pertaining to jurisdiction, once again, I would simply like to reiterate that the first complaint filed was dismissed without prejudice. Therefore, we had the opportunity to either elect to appeal after a motion to reconsider was filed, or to proceed to potentially file a second amended complaint as the court directed in its ruling. We had no requirement to file... Wait, wait, wait. Are you saying the court directed you to file a second amended complaint or unamended complaint? No, the court left an opportunity because its ruling was without prejudice for us to amend our complaint, and there were no time delineations that were set forth by the trial court in that regard. So at that juncture, the election of the appellant was to proceed to attempt to correct the defects in the pleadings because it was a 2615 motion. So that's what we attempted to do rather than to appeal the decision to the appellate court. Again, I don't think we were required to do that at that juncture, and we're not appealing the decision of the court in relation to the first complaint, only as to the second complaint. And wasn't that one dismissed without prejudice too? That was dismissed without prejudice as well, but at that juncture, we found that there was nothing that we could do to correct any technical defects in the pleadings because the arguments... Section 21, the no contest clause. And the majority of the arguments that were leveled by the appellee were in relation to the way courts disfavor the forfeiture provisions in a no contest clause. So in that regard, we elected to amend to add a count simply to ask the court to reinforce her authority as trustee. And certainly, Karen's authority as trustee is not what she cares about. What she cares about are the wishes of her parents, and her parents' wishes were that she was the trustee, that she made these decisions. Then why would her parents put in a provision for a co-trustee in these situations? It seems to me that the parents' wishes were that the money be spent, distributed to their beneficiaries, not to lawyers going to court. You know, I would have to agree with that, Justice Schmidt. Certainly, I would. I'm sure that was their intention. But, you know, that particular provision has an avenue as to how it comes into play. Once again, the financial resources of the trust have to be at risk. It doesn't just bring that special co-trustee. The special co-trustee can make a determination that is binding and non-reviewable by a court of competent jurisdiction. And I don't think that's what they wanted when they put the language in Article 15, Section 21, that only a court of competent jurisdiction is to make decisions in regards to the no contest clause. I'd like to go back just a minute and ask you to explain how the order that you're appealing from is a final order. It was without prejudice. How is that a final order? Because the second complaint that was filed by Karen in March of 2018, we have found that the without prejudice language was nothing more than verbiage. Initially, we believed that the court would be able to correct the deficiencies in relation to the pleadings. But we found that short of relinquishing her authority as trustee and submitting to what we believe is a misinterpretation of these trust provisions by the trial court four times, that we need another court, a higher court, to review this trust and make a decision as to what is actually required by Mr. and Mrs. Dillenbeck. And we believe that Karen proceed to value assets as they have designated in Article 14 and Article 6. So you didn't ask for 304A finding. So what made this a final appealable order? We believe that this case fell within the exception of 304B1. That is, it's a similar proceeding, similar to an estate related matter. It's a trust. It's now a publicly kind of a related trust. It was initially supposed to be privately administered. Now, especially in light of the fact that we have a requirement for a special co-trustee, it's sufficiently public that we believe it was outside the scope of a 301 finding. Can you explain that? I don't understand how it got to be public. Well, it got to be public because in our estimation, rulings were made in regards to interpretation of trust language, requirements of the trustee in order to submit matters to the special co-trustee were made. It's now a court related matter. And so I believe there is case law that says requesting an accounting by an executor is enough to make something publicly administered. Removing an executor, adding an executor, that's enough to make it publicly administered when it comes to wills and estate related matters. And we certainly believe that all the litigation that's been set forth in these proceedings falls well beyond that scope. There's no case law that says anything, any litigation has to be excessive or substantial, just enough that it becomes a publicly administered matter. Okay. Thank you. All right. Thank you both for your arguments today. We will close this matter under advisement. Pardon my voice. You guys, you have a written disposition within a short time. We'll now recess until tomorrow morning at 9 o'clock.